**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1425
_____

UNITED STATES OF AMERICA

v.

RASHAD LEE WILLIAMS,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:08-cr-00048-1)
District Judge:  Hon. Maurice B. Cohill

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2011

Before:  AMBRO, CHAGARES, and VANASKIE, <u>Circuit</u> <u>Judges</u>.

(Filed: November 23, 2011)

_____

OPINION
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

Counsel for Rashad Lee Williams petitions this Court for permission to withdraw

from representation under <u>Anders v. California</u>, 386 U.S. 738 (1967).  For the reasons

that follow, we will grant the motion and affirm Williams's sentence.

## I.

Because we write solely for the benefit of the parties, we will only briefly recite the facts. A grand jury in the Western District of Pennsylvania returned two indictments against Williams on August 12, 2008: in the first, Williams was charged, along with his co-conspirator Lamar Owens, with conspiracy to possess with intent to distribute and with distribution of five hundred grams or more of cocaine and fifty grams or more of cocaine base in June of 2007; in the second, Williams was charged, along with his co-conspirator Shawn Howard, with conspiracy to possess with intent to distribute and with distribution of five grams or more of crack cocaine in February of 2007. Williams entered a plea of guilty on March 10, 2009, in both cases. At sentencing, the Government declined to file a motion for downward departure, and articulated its reasons for doing so. The District Court then sentenced Williams to the minimum of 120 months' imprisonment on each count, all to be served concurrently.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and this Court has jurisdiction under 28 U.S.C. § 1291.

## III.

Williams's counsel petitions this Court to withdraw as attorney of record, arguing that there are no non-frivolous issues that can be advanced on appeal. A copy of defense counsel's brief was furnished to Williams, and he was given thirty days to file a brief on his own behalf. Williams availed himself of this opportunity.

2

Pursuant to Third Circuit LAR 109.2(a), "[i]f the panel agrees that the appeal is without merit, it will grant trial counsel's <u>Anders</u> motion, and dispose of the appeal without appointing new counsel." <u>See also</u> <u>United States v. Youla</u>, 241 F.3d 296, 300 (3d Cir. 2001). Evaluation of an <u>Anders</u> brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous, and (2) whether an independent review of the record presents any non-frivolous issues. <u>Id.</u> We conclude that the brief in this case is adequate, and thus, it will guide our independent review of the record.

Williams's counsel combed through the record and identified the three potential grounds on which this sentence could be challenged, one of which is also raised by Williams in his pro se brief. Williams's counsel addressed the validity of the guilty plea under Federal Rule of Criminal Procedure 11 and the District Court's application of the Sentencing Guidelines, finding no error on either front. Additionally, both Williams's counsel and Williams himself discussed the Government's refusal to file a motion for a downward departure due to Williams's alleged cooperation with subsequent police investigations. Williams's counsel concluded that any arguments related to these three topics were without merit. Likewise, our independent review of "those portions of the record identified by [the] <u>Anders</u> brief" reveals no non-frivolous issues Williams might profitably raise on appeal. <u>See id.</u> at 301. The record demonstrates that the District Court followed the applicable Rules of Criminal Procedure and Sentencing Guidelines, and that the Government did not act with any unconstitutional motive in refusing to file the downward departure motion. We will, therefore, affirm Williams's sentence.

## IV.

For the foregoing reasons, we will grant counsel's motion and affirm Williams's sentence.